[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO MODIFY (No. 136) AND TWO MOTIONS FOR CONTEMPT (Nos. 137 and 140)
The above designated post-dissolution motions were heard in one joint hearing. The parties' marriage was dissolved and orders issued concerning assets, liabilities, and alimony by the Court (Karazin, J.) on January 3, 1991 after a limited contested trial. The defendant withdrew his appeal in July, 1991.
The defendant on September 5, 1991 moved to modify alimony and medical coverage requirements ordered in the original judgment. On the same date, plaintiff issued her first motion for contempt. A hearing was begun November 15, 1991 before another judge but not concluded. The continuance date had to be abandoned because of the judge's elevation to the Appellate Court. Thus, a mistrial was required. However, the parties stipulated that the exhibits admitted in the first hearing would be exhibits in this hearing.
The defendant is a long time commercial real estate owner and investor. For the past ten years, he has been engaged in sales of commercial and industrial real estate. Prior to that (although a real estate investor), he devoted CT Page 2026 most of his time to owning and operating with his brother retail clothing stores in Ridgefield and New Canaan. He is an excellent sales person, turning on all his innate charm and sales abilities in the witness box.
However, this Court looked at the facts and finds the defendant has not had a substantial change of circumstances. Furthermore, any decrease in cash flow was deliberately caused by him. He lent $25,000.00 to his daughter over and above the $12,500.00 each party agreed to lend their daughter. He paid a year's rent for a residence in advance when he had available to him one-half of a new duplex house he owned and could have lived in for much less money.
His numerous real estate holdings are no less valuable than a year ago. The commercial tenants who had given payment problems a year ago are still the same persons he complains about today. His mortgages and taxes are all current; thus he has increased his equity in his real estate investments.
This is simply a desire on the part of the defendant to evade his obligations to his former wife. He lends money to children or as in the case of his adult son, who resides with him, does not require any room or board payments. Defendant in 1991, after the divorce judgment, took a trip to Alaska and Texas with his lady friend. Obviously money was not a problem.
The defendant's motion to modify is totally without merit and therefore is denied.
As to the contempt motions, the Court finds defendant did maintain the medical insurance for a year for plaintiff but failed to let her know (obfuscation on his part) and to provide the necessary processing of the claims. He is ordered to pay promptly the $414.00 in bills due Danbury Anesthesiology Group as ordered January 3, 1991 by the Court (Karazin, J.). This Court gives him thirty (30) days from this decision's date to do so.
He is also found to be in contempt for not processing the psychotherapist's bill. The plaintiff paid her one-half, $1,375.00. If the medical insurance rejects the claim, he is to pay same within thirty (30) days of the rejection. He must process the claims within 30 days of this decision. It was not previously processed because he chose not to do so.
The Court (Karazin, J.) ordered the defendant to maintain certain life insurance policies with plaintiff as CT Page 2027 beneficiary so long as alimony was payable and not to reduce the amount payable on his death below $150,000.00.
In February, 1991 and July, 1991, defendant, in direct contravention of said order, borrowed against his life insurance policies a total of $41,000.00 bringing the death value below $150,000.00. He is ordered to obtain sufficient life insurance or repay the loans, whichever he chooses, to bring the death value of the policies up to $150,000.00. He shall have sixty (60) days from the date of this decision to do so.
The defendant on his own, after August 17, 1991, reduced the periodic weekly alimony from $300.00 to $100.00 and ceased paying any at all after December 14, 1991. As of January 15, 1992, the defendant owes the plaintiff $5,000.00 in periodic alimony.
In addition, defendant has failed to pay the first $25,000.00 due January 3, 1992 on the $100,000.00 lump sum alimony awarded plaintiff in the January 3, 1991 judgment. All could have been paid except defendant gave the money voluntarily to others knowing he had these court ordered obligations. The Court finds deliberate contempt by the defendant and orders him to purge himself by paying the $30,000.00 due on past due periodic alimony and lump sum alimony to plaintiff on or before May 1, 1992.
The Court (Karazin, J.) also ordered that the approximately 1,354 shares of Bancorp stock were to be equally divided between the parties. Again, nothing was done by defendant to accomplish same. He feigned lack of knowledge as to where he put the certificates. He is ordered to either turn them in to the agent for division within two weeks or to file a lost certificate affidavit within the same period of time to accomplish this end. Should plaintiff's signature be required, she shall also sign any documents the transfer agent requires.
It is clear to this Court that the defendant will provide his family with any assistance requested. However, such willingness does not apply to court orders regarding his former wife. If the defendant chooses to drag his heels and not purge himself of contempt, the next judge will take stronger action.
Judgment shall enter in accordance with the foregoing orders.
PATRICIA A. GEEN, JUDGE CT Page 2027-A